Argued October 16; affirmed October 21, 1930

STATE ex rel. CARSON, District Attorney *v.*
HOSS, Secretary of State

(292 P. 324)

*Martin L. Pipes* of Portland for appellant.
*I. H. Van Winkle,* Attorney General, for respondent.

BROWN, J. For the reason that the case was tried upon a stipulation of facts entered into by counsel for the parties hereto, at the outset we shall set out these facts at length. It was stipulated, in effect, that, at all times mentioned therein, John H. Carson was the district attorney of Marion county, and that Hal E. Hoss was secretary of state; that, at the last regular election in Oregon, the total number of votes cast for supreme judge was 194,438, and that, under the provisions of the Constitution and the laws of Oregon, a petition to invoke the referendum upon any measure passed by the Oregon legislature in the year 1929 must bear the signatures of 9,722 legal voters of the state; that, for the purpose of providing two additional circuit judges for the Fourth Judicial district of Oregon, the Legislative Assembly of this state passed an act designated as chapter 193, General Laws of Oregon, 1929, which was vetoed by the governor, and, notwithstanding such veto, was thereafter duly enacted and filed in the office of the secretary of state February 26, 1929; that, on May 2, 1929, William F. Woodward, a legal voter of Oregon and a resident of Multnomah county, filed with the secretary of state a demand for a referendum to the voters of Oregon of the aforesaid act, and submitted, as part of his demand, a referendum petition to be signed by legal voters of the state, in words and figures following:

## "REFERENDUM PETITION

"To Hal E. Hoss, Secretary of the State for the State of Oregon:

"We, the undersigned, citizens and legal voters of the state of Oregon, respectfully order that the House Bill No. 330, entitled, 'An Act to provide for two additional circuit judges for the Fourth Judicial District,

and declaring an emergency,' and which was subsequently identified by codified laws of 1929, chapter 193, in which chapter it is entitled, 'To provide for two additional circuit judges for the Fourth Judicial District,' and all of which was passed by the Thirty-fifth Legislative Assembly of the State of Oregon at the regular session of the said Legislative Assembly, shall be referred to the people of the state of Oregon for their approval or rejection at the regular general election to be held on the first Tuesday after the first Monday in November, 1930, and each for himself says: 'That I have personally signed this petition; that I am a legal voter of the state of Oregon, and my residence and postoffice are correctly written after my name.' ''

That thereafter, and on the same date, the secretary of state transmitted a copy of the petition to the attorney general, for the preparation of a ballot title therefor as provided by law; and, on May 7, 1929, the attorney general returned the same to the secretary of state, accompanied by a ballot title in words and figures following:

"Two additional circuit judges bill. Purpose: To provide for two additional judges of the Circuit Court of the State of Oregon for the Fourth Judicial district, comprising Multnomah county."

That, prior to May 27, 1929, W. M. Davis, a legal voter of Oregon and a resident of Multnomah county, appealed to the Supreme Court to have the ballot title prepared by the attorney general revised and a proper ballot title certified; "that thereafter, and on June 11, 1929, the said Supreme Court found that the ballot title prepared by the attorney general was sufficient, * * * and directed that the said ballot title be certified to said secretary of state. Thereafter, said Supreme Court did duly certify to said secretary of

state the said ballot title, in words and figures as prepared by said attorney general.''

■ The stipulation further recites:

''That after filing the said referendum petition in form, substance, letter and figure as hereinabove set forth in paragraph V of this stipulation, and shortly after the preparation and filing with the secretary of state of the ballot titles by the attorney general, as hereinbefore set forth in paragraph VI of this stipulation, the said William F. Woodward began the circulation and the securing of signatures of voters to a referendum petition, with the said ballot titles and short titles printed on the covers thereof and more than 9,722 legal voters of the state of Oregon signed the said petition. The said petition so signed was offered for filing with the said secretary of state prior to May 27, 1929, to wit: about May 24, 1929.

''The following is a copy of that part of said circulated petition so filed with the secretary of state which corresponds to the petition originally filed and quoted in paragraph V hereof:

'' 'REFERENDUM PETITION

'' 'To Hal E. Hoss, Secretary of State for the State of Oregon:

'' 'We, the undersigned, citizens and legal voters of the state of Oregon, respectfully order that the House Bill No. 330, entitled, ''An Act to provide for two additional circuit judges for the Fourth Judicial District,'' passed by the Thirty-fifth Legislative Assembly of the state of Oregon at the regular session of said Legislative Assembly, shall be referred to the people of the state of Oregon for their approval or rejection at the regular election to be held on the first Tuesday after the first Monday in November, 1930; and each for himself says: ''I have personally signed this petition; I am a legal voter of the state of Oregon, and my residence and postoffice are correctly written after my name.''

"That by a comparison of the two petitions as aforesaid, it appears that the following words in the first petition filed with the secretary of state on the 2d day of May, 1929, were omitted from the petition that was circulated and afterwards filed with the secretary of state, to-wit:

" 'and declaring and emergency, and which was subsequently identified by codified laws of 1929, chapter 193, in which chapter it is entitled, "To provide for two additional circuit judges for the Fourth Judicial district," and all of which was'."

It is further stipulated that the secretary of state has filed the referendum petition so circulated, with the signatures thereon, and will, unless enjoined, refer chapter 193, General Laws of Oregon, 1929, to the people of Oregon at the next general election.

Depending upon the facts of any given case, the elimination of language from a referendum petition may, or may not, be fatal to the petition.

From an examination of the petition in the case at bar, it is clear that words "and declaring an emergency" had no place therein, and that the remaining language pruned from the petition was purely surplusage. By the elimination of this language, neither the attorney general, nor the secretary of state, nor yet the electors among whom the petition was circulated, appear to have been deceived; nor does it appear that any person whomsoever was defrauded thereby.

■ It is contended that the referendum petition was unlawfully circulated among the voters because it was circulated pending the appeal to this court from the ballot title prepared by the attorney general. It is true that it was circulated prior to the determination of the appeal. However, the petition so circulated was in proper form. It contained proper matter, and

the ballot titles prepared by the attorney general were properly printed thereon. Moreover, no person could have been injured or deceived by the circulation of this petition prior to the decision of this court on the appeal. Oregon Laws, § 4100, as amended by chapter 255, General Laws of Oregon, 1927, was fully complied with. The law grants no stay in the proceedings pending an appeal to this court from a ballot title prepared by the attorney general. As stated by the attorney general at the argument, this view is not without precedent.

The powers of government flow from the people. And the people of Oregon, after vesting legislative authority in the Legislative Assembly, reserved to themselves the power to propose laws, and to enact or reject them at the polls, and also reserved "power at their own option to approve or reject at the polls any act of the Legislative Assembly": Or. Const., Art. IV, § 1.

From the facts in this cause, we have not the right to enjoin the secretary of state from taking the necessary steps, as provided by law, to submit the "two additional circuit judges bill" to the people for their approval or rejection on November 4, 1930.

The decree is therefore affirmed.

The case being of public interest, neither party will recover costs.